# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SABRINA ALSTON,

    Plaintiff,

v.

WELLS FARGO BANK,
NATIONAL ASSOCIATION and
LPS FIELD SERVICES, INC.,

    Defendants.

Civil Action No. TDC-17-1085

## MEMORANDUM OPINION

Plaintiff Sabrina Alston filed suit against Defendants Wells Fargo Bank ("Wells Fargo") and LPS Field Services, Inc. ("LPS") in the Circuit Court for Prince George's County, Maryland alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2012), and seven state law causes of action. On the basis of the FDCPA claim, LPS removed the case to federal court, but without having first obtained the consent of Wells Fargo. Pending before the Court is Alston's Motion to Remand. Having reviewed the Motion and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, the Motion is GRANTED, and this case is REMANDED to the state court.

## BACKGROUND

On March 17, 2017, Wells Fargo was served with a summons and the Complaint. On March 20, 2017, LPS was served. On April 11, 2017, Wells Fargo filed an Answer to Alston's Complaint in state court. On April 19, 2017, LPS removed the case to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1441(a) (2012) (allowing removal of "any civil

action brought in a State court of which the district courts of the United States have original jurisdiction."). A defendant removing solely on the basis of § 1441(a) has 30 days from the date it was served to remove the case to state court. 28 U.S.C. § 1446(b)(2)(B). LPS thus filed its Notice of Removal on the last day of this 30-day period.

Under what is commonly referred to as the unanimity requirement, "[w]hen a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Mayo v. Bd. of Educ. of Prince George's Cty.*, 713 F.3d 735, 741 (4th Cir. 2013). LPS's notice of removal contained no mention of whether Wells Fargo had consented to removal. On April 20, 2017, this Court ordered LPS to show cause as to why removal was proper. In its response to that Order, LPS stated that Wells Fargo consented to removal, but did not state when or how.

On May 18, 2017, Alston filed a Motion to Remand in which she asserted that the removal was defective because LPS had not obtained Wells Fargo's consent at the time it filed the Notice of Removal. In its Opposition to the Motion, LPS admits that it did not have Wells Fargo's consent at the time of removal, explaining that counsel for LPS tried but failed to reach counsel for Wells Fargo prior to filing the Notice, but asserts that LPS obtained Wells Fargo's consent on April 21, 2017, two days after the Notice was filed. In its Opposition to the Motion, Wells Fargo states that it first reviewed the Notice of Removal on April 20, 2017, the day after it was filed by LPS, and that it consents to removal.

## DISCUSSION

The central facts are not in dispute. At the time that LPS removed this case, it did not have Wells Fargo's consent to the removal. Alston argues that LPS's Notice of Removal is therefore fatally defective, because under 28 U.S.C. § 1446(b)(2), LPS was required to have

2

Wells Fargo's consent at the time of removal. LPS counters that the statute contains no express timing requirement for obtaining the consent of co-defendants and asserts that because Wells Fargo belatedly consented, the Notice of Removal is sound. Alternatively, LPS asserts that even if its Notice was defective, that defect is not a jurisdictional bar to removal, so the Court should accept Wells Fargo's belated consent as having cured that defect.

I. **Consent to Removal**

Courts are required to construe removal statutes narrowly, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), because "the removal of cases from state to federal court raises significant federalism concerns," *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011). Removal of a case is subject to specific time limits. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). This provision, enacted as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"), Pub. L. No. 112–63, § 103, 125 Stat. 758, 760, gives each defendant in an action 30 days from its own date of service to initiate removal, codifying the "Last-Served Defendant Rule" that had been adopted by some, but not all, circuit courts in the absence of guiding statutory language before the JVCA. A defendant who has failed to remove during its own 30-day period may join in or consent to a later-served defendant's timely notice of removal. 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). Here, by the time that LPS filed its Notice of Removal on April 19, 2017, Wells Fargo's own 30-day period for filing a Notice of Removal had

expired, but it could have consented to LPS's Notice of Removal. *See id.* By the time Wells Fargo had provided consent on April 21, LPS's 30-day period to remove had expired as well.

Section 1446(b)(2)(C), however, does not explicitly impose a timing requirement for obtaining the consent of co-defendants to remove. LPS reads this omission as implying an open-ended deadline for satisfying the unanimity requirement. But this reading chafes against the language in the broader statute, which suggests that the deadlines to remove and to secure consent are the same. Under § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons . . . to file the notice of removal." All defendants therefore have 30 days to make a removal decision. Section 1446(b)(2)(A) states that "*When* a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served *must* join in or consent to the removal of the action." (emphasis added). This temporal language suggests that all defendants must consent to removal, if not within their own 30-day window under § 1446(b)(2)(B), then *when* the case is actually removed, not at some undetermined point afterwards.

This reading of § 1446 is consistent with the JVCA's legislative history. Although the JVCA was meant, in part, to ensure "equal treatment of all defendants in their ability to obtain federal jurisdiction over the case against them," that goal was to be reached "without undermining the Federal interest in ensuring that defendants act with reasonable promptness in invoking Federal jurisdiction." H.R. Rep. No. 112-10, at 13, 14 (2011). Considering the removal statute's unanimity requirement and the legislative concern for encouraging prompt action to remove, it would not be reasonable to read the statute to permit an open-ended consent deadline, as LPS suggests, that allows for an indefinite period during which the district court's statutory authority to hear the case remains unsettled.

Indeed, courts of appeals that followed the Last-Served Defendant Rule, now codified by the JVCA, fashioned consent-timing rules consistent with this interpretation of the statutory language. These circuits required that "the later-served defendant receive the consent of all then-served defendants *at the time he files his notice of removal.*" *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (emphasis added). *See Marano Enters. of Kan. v. Z–Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("[T]he later-served defendants in this case had thirty days from the date of service on them to file a notice of removal *with the unanimous consent* of their codefendants...") (emphasis added); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("[A] later-served defendant has 30 days from the date of service to remove a case to federal district court, *with the consent* of the remaining defendants.") (emphasis added).

Since the passage of the JVCA, no circuit court has directly addressed the required timing of consent. However, in cases detailing the proper *form* of consent, courts have emphasized the importance of obtaining timely consent from co-defendants. In *Mayo*, the United States Court of Appeals for the Fourth Circuit resolved whether a removing defendant could, in the absence of any filing by the non-removing defendants, satisfy the unanimity requirement by stating in the notice of removal that the consent of the non-removing defendants had been obtained. 713 F.3d at 742. In holding that such representations of consent were permissible, the Court specifically approved of "a notice of removal . . . representing unambiguously that the other defendants consent to the removal." *Id.* In *Mayo*, the Fourth Circuit did not entertain the possibility that a representation of consent, much less consent itself, could come after a timely notice of removal, but instead assumed that consent must be stated at the time a notice of removal was filed, if not within 30 days of the relevant co-defendant's service. The United States Court of Appeals for

5

the Eighth Circuit has similarly implied the existence of a consent deadline. *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (holding that "a defendant's timely removal notice indicating consent on behalf of a codefendant . . . sufficiently establishes that codefendant's consent to removal.").

Several district courts within the Fourth Circuit have concluded that consent to remove must be obtained either at the time the notice of removal is due or within 30 days of when the consenting defendant was served. *See, e.g., Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at *14 (D. Md. July 11, 2013) (finding that "(i]f a defendant's guaranteed thirty-day time to file a notice of removal under § 1441(b)(2)(B) has expired, the rule of unanimity under § 1441(b)(2)(C) would require a later-served defendant to obtain consent from the earlier-served defendant as of the time the later-served defendant files its notice of removal"); *Simon v. Regal Inv. Advisors LLC*, No. 3:16CV00090, 2017 WL 1628436 at *5 (W.D. Va. Apr. 28, 2017) (holding that "a later-served defendant has thirty days from the time he is served with the initial pleading to either consent to an existing notice of removal or file his own notice of removal with the consent of the earlier-served defendants"); *The Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC*, No. 3:16-cv-02022-CMC, 2016 WL 4646258 at *7 (D.S.C. Sept. 9, 2016) (holding that "the deadline for indicating consent of co-defendants is the later of when the notice of removal is due or within thirty days of when the consenting defendant was first served").

Upon consideration of the language of the removal statute, the legislative history, and the relevant case law, and cognizant of the Supreme Court's directive to construe the applicable removal statute narrowly, this Court concludes that there must be a deadline for consent. The absence of such a deadline would lead to untenable uncertainty, allowing co-defendants to take a wait-and-see approach before making a consent decision that could dictate whether the case can

6

remain in federal court. This Court therefore concludes that under 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served, whichever is later. Here, where LPS admittedly filed its Notice of Removal without having obtained Wells Fargo's consent, and Wells Fargo did not provide its consent until after the expiration of its own 30-day deadline to file a notice of removal, LPS failed to satisfy the unanimity requirement. Removal was therefore improper.

## II.   Opportunity to Cure

LPS argues that even if the Notice of Removal was defective, this Court should excuse the defect based on Wells Fargo's later consent. The Fourth Circuit has not resolved whether district courts may allow a removing defendant to cure such a procedurally defective notice of removal. At least four district courts within the Fourth Circuit have held that they do not. *Simon*, 2017 WL 1628436, at *7; *The Gates*, 2016 WL 4646258, at *8; *Stevens v. Thornsbury*, No. 2:13-cv-31719, 2014 WL 3962478, at *3 (S.D.W. Va. Aug. 13, 2014); *Easter-Greene v. Verizon Maryland, LLC*, No. MJG-14-1040, 2014 WL 3723228 at *7 (D. Md. July 23, 2014); *see also Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012). However, several circuits have held that district courts have discretion to allow defendants to cure procedural removal defects. *See Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015); *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009).

Based on the Supreme Court's admonition that courts should construe removal statutes narrowly, *Shamrock*, 313 U.S. at 108-09, and the principle that "[a]ll doubts about removal should be resolved in favor of remand," this Court concludes that the defect is not curable. *Hurt*,

869 F. Supp. 2d at 86; *see Simon*, 2017 WL 1628436, at *7; *The Gates*, 2016 WL 4646258, at *8. To excuse untimely consent would be to "substantially eviscerate" the time limits established in § 1446(b). *Easter-Greene*, 2014 WL 3723228 at *7. Remand is therefore necessary.

The Court notes that even if it had discretion to allow LPS to cure its defective Notice of Removal, it would not do so. Both Defendants are sophisticated business entities who have offered no persuasive reason to excuse the failure to secure or provide timely consent. Moreover, considerations of federal-state comity favor remand. Seven of Alston's eight causes of action are state law claims. Alston has only one federal claim, which serves as the basis for this Court's jurisdiction, and LPS and Wells Fargo have informed the Court that they plan to move for dismissal of that claim. With Defendants themselves challenging the cause of action that is the basis for removal, and the consequent possibility that this Court could find itself in short order with only state law claims, there is no compelling reason to excuse LPS's failure to obtain the timely consent of Wells Fargo to removal of this action.

## CONCLUSION

Accordingly, the plaintiff's Motion to Remand is GRANTED. The case will be REMANDED to state court. A separate Order shall issue.

Date: June 29, 2017

THEODORE D. CHUANG
United States District Judge